✓ SEALED
\_ NOT SEALED

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 18-CR-20685-WILLIAMS

UNITED STATES OF AMERICA

v.

FRANCISCO CONVIT GURUCEAGA, et al.,

Defendants.

Per Local Rule 5.4(d), the matter(s) shall remain sealed.
\_\_\_\_\_ years; \_\_\_\_\_ (specific date);
\_\_\_\_\_ permanently; ✓ (other).

Filed *Ex Parte* and UNDER SEAL

## SECOND PROTECTIVE ORDER FOR ASSET SUBJECT TO FORFEITURE

THIS CAUSE is before the Court upon application of the United States of America (the "United States") for entry of a second post-Indictment protective order restraining and enjoining a certain asset subject to forfeiture in order to preserve its availability for criminal forfeiture, pursuant to 21 U.S.C. § 853(e). Being fully advised in the premises and based on the United States' *Ex Parte* Application for Second Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), and Memorandum of Law in Support Thereof, including the agent's declaration, and for good cause shown thereby, the Court finds as follows:

1. On August 16, 2018, a federal grand jury in the Southern District of Florida returned an Indictment charging Francisco Convit Guruceaga, Jose Vincente Amparan Croquer, a.k.a, "Chente," Carmelo Antonio Urdaneta Aqui, Abraham Edgardo Ortega, Gustavo Adolfo Hernandez Frieri, Hugo Andre Ramalho Gois, Marcelo Federico Gutierrez Acosta Y Lara, and Mario Enrique Bonilla Vallera (the "Defendants") with conspiracy to commit money laundering, substantive counts of money laundering, and substantive counts of interstate and foreign travel in aid of racketeering. Indictment, ECF No. 19. The Indictment also contained forfeiture allegations, which alleged that upon a conviction of a violation of 18 U.S.C. § 1956, as alleged in

the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, involved in such offense, and any property traceable to such property, pursuant to 18 U.S.C. § 982(a)(1). *Id.* at 5. The Indictment also alleged that upon a conviction of a violation of 18 U.S.C. § 1952, as alleged in the Indictment, the Defendants shall each forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offense, pursuant to 18 U.S.C. § 981(a)(1)(C). *Id.* at 5-6. The Indictment alleged that several assets were subject to forfeiture. *Id.* at 6-7. On August 22, 2018, the Court issued a Protective Order for Assets Subject to Forfeiture, which was amended in the Amended Protective Order for Assets Subject to Forfeiture ("Amended Protective Order"). *See* Protective Order, ECF No. 32; Am. Protective Order, ECF No. 60. The Amended Protective Order enjoined and restrained assets listed in the forfeiture allegations and certain additional assets.

2. Based on the agent's declaration submitted in support of the United States' *Ex Parte* Application for Second Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e), there is probable cause to find that the following property is subject to forfeiture pursuant to 18 U.S.C. § 982(a)(1): the M/Y Blue Ice, which is more fully described as a 1999 135-foot Baglietto yacht, official number 40146 registered in St. Vincent and the Grenadines.

3. Pursuant to 21 U.S.C. § 853(e)(1)(A), upon filing of the Indictment, the Court is authorized to enter a restraining order, injunction, or *take any other action* to preserve the availability of property subject to criminal forfeiture.

4. Pursuant to 21 U.S.C. § 853(e)(4)(A), the Court is authorized to order any of the Defendants to repatriate any property that may be seized and forfeited, and to direct that such property be deposited, pending trial, with the U.S. Secretary of the Treasury.

Based on the foregoing, the United States' *Ex Parte* Application for Second Post-Indictment Protective Order Pursuant to 21 U.S.C. § 853(e) is **GRANTED,** and it is hereby,

**ORDERED** that:

1. The following property is **ENJOINED AND RESTRAINED** in order to preserve its availability for criminal forfeiture: the M/Y Blue Ice, which is more fully described as a 1999 135-foot Baglietto yacht, official number 40146 registered in St. Vincent and the Grenadines (hereafter, the "Subject Vessel").

2. The Defendants, including their respective agents, representatives, servants, employees, attorneys, family members, those persons in active concert or participation with the Defendants, or other persons or entities holding or with custody of the Subject Vessel, are **ENJOINED AND RESTRAINED** from selling, transferring, assigning, pledging, distributing, giving away, encumbering, or otherwise participating in the dissipation, disposal (by transfer of stock or otherwise), or removal from the jurisdiction of this Court the Subject Vessel, or any assets traceable thereto, without prior approval of the Court and upon notice to the United States and an opportunity to be heard.

3. The United States is **AUTHORIZED AND DIRECTED** to serve a copy of this Order on any individual or entity that the United States believes may be in control or possession of the Subject Vessel.

4. This Order shall remain in full force and effect until further order of this Court.

**SO ORDERED** this ____ day of _____ 2019 in Chambers at Miami, Florida.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE

cc: Nicole Grosnoff and Nalina Sombuntham, Assistant U.S. Attorneys (2 certified copies)