**EXHIBIT F**

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) | |
|---|---|---|
| *Plaintiff* | ) | |
| v. | ) | Case No. 18-CR-20685-KMW/EGT |
| Gustavo Adolfo Hernandez Frieri | ) | |
| *Defendant* | ) | |
| 314 Hicks LLC, Allison Domeneghetti, Olympia De Castro, G.H.D.C., F.H.D.C., and A.H.D.C. | ) | |
| Third-Party Petitioner | ) | |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN CRIMINAL FORFEITURE PROCEEDINGS

To: Gustavo Adolfo Hernandez Frieri

*(Name of person to whom this subpoena is directed)*

☑ **Production: YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material: See Attachment.

| Place: U.S. Attorney's Office, SDFL, 99 NE 4th St., 7th Fl., Miami, FL 33132 nalina.sombuntham@usdoj.gov | Date and Time: 06/10/2021 9:00 am |
|---|---|

☐ **Inspection of Premises: YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

Pursuant to Fed. R. Crim. P. 32.2 and this Court's Preliminary Order of Forfeiture, the following provisions of Fed. R. Civ. P. 45 are attached–Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) & (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 05/13/2021

*CLERK OF COURT*

_____     OR     *[signature]*
*Signature of Clerk or Deputy Clerk*              *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* United States of America, who issues or requests this subpoena, are:
AUSA Nalina Sombuntham, 99 NE 4th St, 7th Fl, Miami, FL 33132, nalina.sombuntham@usdoj.gov (305) 961-9224

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

# EXHIBIT F

Case No.     18-CR-20685-KMW/EGT

## PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named person as follows: _____
_____
on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____
_____.

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____        _____
                                                              *Server's signature*

                                                              *Printed name and title*

                                                              *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

  **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

  **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

  **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

  **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

  **(3)** *Quashing or Modifying a Subpoena.*
   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
      **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
      **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

  **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

  **(2)** *Claiming Privilege or Protection.*
   **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
   **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT F

**Gustavo Adolfo Hernandez Frieri**
**597 Hibiscus Lane**
**Miami, FL 33137**

## SUBPOENA ATTACHMENT

Provide the following documents:

1. All documents related to and/or concerning 3 Gramercy Park West, Unit 2, New York, New York 10003 (the "Gramercy Apartment").

2. All documents related to and/or concerning 314 Hicks Street, Brooklyn, New York 11201 (the "314 Hicks Brooklyn Townhouse").

3. From January 1, 2004 through the present, all documents related to and/or concerning the following entities (including all aliases or similar names):

    i. HH Securities Ltd. (Bahamas);
    ii. Global Finance Management Corporation (BVI);
    iii. Global Securities Asset Management (BVI);
    iv. Global Securities Holding, LLC;
    v. The Global Securities Market Neutral Fund c/o Dundee Leeds Management Services (Cayman) Ltd.;
    vi. H&H Protectors IBC (Bahamas);
    vii. HH Protector;
    viii. Americas Fiduciary Ltd. (Nevis);
    ix. HH Master Settlement Trust (Nova Scotia), including for initial trust dated December 1, 2004 and amended and restated trust dated November 13, 2006
    x. H&H Protectors Ltd. (Bahamas);
    xi. Gramercy Irrevocable Trust;
    xii. Gramercy Irrevocable Operating Trust (Nova Scotia);
    xiii. 3 Gramercy Park West LLC;
    xiv. DC 2019 Irrevocable Trust;
    xv. DC Trust;
    xvi. DC Irrevocable Trust; and/or
    xvii. 314 Hicks LLC.

4. All documents establishing or amending any trust or company that held and/or controlled asset(s) for your benefit or for any members of your family and for which you signed or executed documents and/or acted on behalf of in any document, including in written correspondence whether through physical and/or electronic means.

5. All documents concerning the purchase, storage and maintenance, sale and/or transfer, and/or current status of any asset identified in your application to the members of the board of 3 Gramercy Park West Incorporated, which application was filed as Exhibit B, ECF No. 344-2. Such documents shall include but are not limited to purchase agreements, sale agreements, wire transfer details, checks, bank statements, insurance policies, invoices,

    payments, appraisals, and/or written communications through physical and/or electronic means concerning the artwork identified in the attached excerpt from Exhibit B.

6. All documents, including but not limited to bank statements, wire transfer details, checks, and/or written communications through electronic or physical means, concerning the source(s) of funds for the purchase of the Gramercy Apartment and how such funds were directed and transferred to purchase the Gramercy Apartment in 2005. Such documents shall include but are not limited to wire transfer details and/or checks to Holm & O'Hara LLP for a down payment of approximately $290,514.77 and for a wire transfer of approximately $2,670,000.00 received on or about August 15, 2005.

7. All documents, including but not limited to bank statements, invoices, bills, wire transfer details, and/or written communications through physical and/or electronic means, related to payments to 3 Gramercy Park Incorporated or its subsequent entity 3 Gramercy Park Owners Corp. for any purpose, including but not limited to for utilities or other fees.

8. From December 16, 2004 through the present, all documents concerning the purchase, insurance, storage, maintenance, appraisal, sale, and transfer (including but not limited to as a transfer without consideration and considered a gift) of any piece of art. Such documents shall include but are not limited to purchase agreements, sale agreements, wire transfer details, checks, bank statements, insurance policies, invoices, payments, appraisals, and/or written communications through physical and/or electronic means for the sale of art by Kai Althoff and others that was stored and previously displayed at your residence, 597 Hibiscus Lane, Miami, Florida 33137.

9. All written communications through physical and/or electronic means (e.g., e-mails, text messages, letters, applications, and other notes) made to, from, or copying the following persons or entities (including all aliases and similar names), or those acting on behalf of such persons or entities concerning (1) the Gramercy Apartment; (2) the 314 Hicks Brooklyn Townhouse; and (3) from July 23, 2018, through the present, any asset regardless if you claim or believe you have any interest in such asset:

      i. 3 Gramercy Park Incorporated;
      ii. 3 Gramercy Park Owners Corp.;
      iii. 3 Gramercy Park West, LLC;
      iv. H&H Protectors IBC (Bahamas);
      v. Americas Fiduciary Ltd. (Nevis);
      vi. Timothy D. Richards;
      vii. HH Master Settlement Trust (Nova Scotia);
      viii. H&H Protectors Ltd. (Bahamas);
      ix. Olympia De Castro;
      x. Allison Domeneghetti;
      xi. Maria Lucia Hernandez Frieri;
      xii. Juan Carlos Gomez;
      xiii. Maria Elena Hernandez Frieri;

**EXHIBIT F**

    xiv.  Gustavo Hernandez Romero;
    xv.  Cesar Gabriel Hernandez;
    xvi.  Michael Landsman, Esq.;
    xvii.  Holm & O'Hara LLP;
    xviii.  Barbara Evans-Butler;
    xix.  Stribling & Associates Ltd.;
    xx.  Dee Simonson;
    xxi.  The Corcoran Group;
    xxii.  Jose I. Padial;
    xxiii.  Jose I. Padial, P.A.;
    xxiv.  314 Hicks LLC;
    xxv.  Christian Nagel;
    xxvi.  Galerie Nagel Draxler GmbH;
    xxvii.  Frank A. Rosillo; and/or
    xxviii.  Rosillo & Associates, P.A.

10. From July 23, 2018, through to the present, all documents related to and/or concerning your financial condition. Such documents shall include but are not limited to your 2020 tax returns; receipts or other confirmation of any payment to the Internal Revenue Service or any state made as a result of the tax returns for 2015, 2016, 2017, 2018, and 2019, including those filed for those years in 2019; bank statements or other financial records showing the source(s) of such payment(s); documents concerning Drunken Meats or any other entity for which you hold a position, whether paid or unpaid; written correspondence with Olympia De Castro and/or Allison Domeneghetti concerning any business (actual or proposed), investment, litigation, and/or any asset.

11. All documents related to any asset held in trust or otherwise for the current or future benefit of your children, G.H.D.C., F.H.D.C., and A.H.D.C.

In producing these documents, use the following definitions and instructions:

### *Definitions*

1.    "United States" refers to the United States of America.

2.    "You," or "your" refers to Gustavo Adolfo Hernandez Frieri and all persons acting or purporting to act on his behalf.

3.    "Person" includes any natural person, individual, proprietorship, association, limited liability company, joint venture, firm, partnership, corporation, estate, trust, receiver,

syndicate, municipal corporation, party and/or any other form of business enterprise or legal entity, governmental body, or group of natural persons, including any employee or agent thereof.

    4.    "Document" means any medium upon which information or intelligence can be recorded or retrieved, including, without limitation, any written or graphic matter or other means of preserving thought or expression, and all tangible things from which information can be processed or transcribed, including the originals and all non-identical copies, whether different from the original by reason of any notation made on such copy or otherwise, including, but not limited to, correspondence, memoranda, notes, messages, letters, telegrams, teletypes, telefaxes, electronic mail entries, bulletins, meetings or other communications, inter-office or intra-office telephone calls, daily calendar entries, diaries, chronological data, minutes, books, reports, studies, summaries, pamphlets, bulletins, printed matter, charts, ledgers, invoices, worksheets, receipts, returns, computer printouts, prospectuses, financial statements, schedules, affidavits, contracts, canceled checks, statements, transcripts, statistics, surveys, magazine or newspaper articles, releases (any and all drafts, alterations and modifications, changes and amendments of any of the foregoing), graphic or oral records or representations of any kind, including, without limitation, microfilm, photographs, charts, microfiche, videotape, recordings, motion pictures, mini-discs, floppy discs, CD-ROM discs, or mechanical or electronic recordings or representations of any kind (including without limitation, tapes, cassettes, discs, and records).  A draft or non-identical copy is a separate "document" within the meaning of this term.

    5.    Documents "relate" or are "relating" or are "concerning" if they constitute, contain, comprise, consist of, embody, identify, state, refer to, deal with, set forth, propose, show, evidence, disclose, describe, discuss, explain, summarize, or otherwise addresses in any way the subject matter of the request.

6. As used in this Subpoena Attachment, the singular shall include the plural, the plural shall include the singular, and the masculine, feminine, and neuter shall include each of the other genders.

7. The words "and" and "or" shall be construed either conjunctively or disjunctively to bring within the scope of these requests any documents which might otherwise be construed to be outside their scope.

## *Instructions*

1. Documents produced in response to these requests shall be produced as they are kept in the usual course of business or shall be organized and labeled to correspond with these requests. You may produce copies of documents or electronically stored information instead of permitting inspection.

2. These requests are directed to and cover all documents in your possession, custody or control, or in the possession, custody, or control of your agents, attorneys, accountants, expert witnesses, investigators, consultants, or other representatives.

3. When producing the requested documents, please produce all other documents that are clipped, stapled, or otherwise attached to any requested documents.

4. If you withhold any documents that you are otherwise required to produce, specifically identify each document by stating its date, author, recipients and the reason for withholding said document. If you are asserting a privilege, please provide the following information: the type of document, general subject matter of the document, its date, author(s), signatory(ies), addressee(s) or recipient(s), relationship of the author(s) and addressee(s), present location, present and all previous custodian(s), number of pages, and the nature of the privilege

claimed (including work-product), and sufficient additional information to explain the claim of privilege and to enable adjudication of the propriety of that claim.

     5.     If any requested document has been lost or destroyed, or is otherwise no longer in your possession, custody or control, please submit in lieu of each document a written statement which shall: (a) describe in detail the nature of the document and its contents; (b) identify the person who prepared or authorized the document and, if applicable, the person to whom the document was sent; (c) specify the date on which the document was prepared or transmitted or both; (d) specify, if possible, the date on which the document was lost or destroyed and, if destroyed, the conditions of or reasons for such destruction and the person(s) requesting and performing the destruction; and (e) if the document was not destroyed, what was done with the document, and the identity and address of its current custodian or any person with knowledge of its location.

# Exhibit IV
## Art Collection
## Valued by Art Insure - $614,161

**EXHIBIT B**


# artinsure.com

SURPLUS LINES AGENT'S NAME: ▮
SURPLUS LINES AGENT'S ADDRESS ▮
SURPLUS LINES AGENT'S LICENSE ▮
PRODUCING AGENT'S NAME: ▮
PRODUCING AGENT'S ADDRESS: ▮

CERTIFICATE OF INSURANCE
No: "THIS INSURANCE IS ISSUED PURSUANT TO THE FLORIDA SURPLUS LINES LAW. PERSONS INSURED BY SURPLUS LINES CARRIERS DO NOT HAVE THE PROTECTION OF THE FLORIDA INSURANCE GUARANTY ACT TO THE EXTENT OF ANY RIGHT OF RECOVERY FOR THE OBLIGATION OF AN INSOLVENT UNLICENSED INSURER."

TOTAL PREMIUM: 1625   TAX: 105.63   SERV ▮   88

SURPLUS LINES AGENT'S COUNTERSIGNATURE: ▮

| | |
|---|---|
| TYPE: | ALL RISKS FINE ART |
| REFERENCE NUMBER: | 1077016608/004 |
| FORM: | (J) Form plus wording as attached. |
| ASSURED: | GUSTAVO HERNANDEZ |
| LOCATION | ▮ MIAMI, Florida, 33127, US |
| PERIOD: | 12 months |
| From: | 22 April 2004 at 12:01 a.m. Local Standard Time. |
| To: | 22 April 2005 at 12:01 a.m. Local Standard Time. |
| INTEREST: | Fine Art of every nature and description (and/or interest as described below) as per schedule held in the office of Benfield Limited. |
| MAX LIMIT: | USD 614,161 |
| LIMITS: | USD 614,161 at the Assured's residence as above. |
| CONDITIONS: | Lloyd's Privacy Policy Statement (LSW 1135) Premium Payment Clause (LSW 3000) Service of Suit Clause (NY) Several Liability Clause LSW 1001 NMA2920 Terorism Exclusion CL370 CL380 As standard wording |

| PREMIUM & DEDUCTIBLE: | Premium (USD) | Deductible (USD) |
|---|---|---|
| | 1,600.00 | 1,000.00 |

| | |
|---|---|
| U.S. CLASSIFICATION | Fidelity & Marine<br>15476 N.W. 77 Court<br>Box 248<br>Miami Lakes<br>FL 33016, USA |
| TAX: | Plus Local Taxes as applicable |
| AUTHORISED SIGNATORY: | [signature]<br>For and on behalf of certain Underwriters at Lloyd's |
| DATE: | 23 April 2004 |

**EXHIBIT B**

| ARTIST | TITLE | YEAR | DIMENSIONS | ACQ DATE | INV # | PRICE |
|---|---|---|---|---|---|---|
| von Bonin, Cosima | Internationales Wollsekretariat | 2003 | Wood, cotton, loden | 108 1/4 x 113 | 3/14/03 | Inv 03-89 | $ 32,670.00 |
| Kiesewetter, Thomas | Untitled | 2000 | Painted metal and wood | 115 x 63 x 53 | 3/14/03 | Inv 3-92 | $ 15,000.00 |
| Peyton, Elizabeth | Nick (one) | 2002 | Monotype on Twinrocker paper | 11 x 8 1/2 | 4/16/03 | Inv 3-138 | $ 5,670.00 |
| Kiesewetter, Thomas | Untitled | 1999 | Metal and wood | 26 x 28 1/2 x 19 | 6/30/03 | Inv 3-219 | $ 7,920.00 |
| Jensen, Sergej | Komm wir machen halbe halbe | 2003 | Fabric on linen | 89 3/4 x 54 2/3 | 7/1/03 | Inv 03-220 | $ 7,700.00 |
| Kippenberger, Martin | Leiden Warum, Leiden Wozu | 1982 | Oil on canvas | 47 1/4 x 39 1/4 | 7/3/03 | Inv 3-227 | $ 82,500.00 |
| Muller, Stefan | Untitled | 2002 | Acrylic, crayon, felt pen on nettle | 59 x 69 | 7/21/03 | Inv 3-253 | $ 5,221.00 |
| Carpenter, Merlin | Communism Time for a Bath (origin | 2003 | Acrylic paint on MDF-box | 78 32/4 x 59 x 15 | 10/30/03 | Inv 03-330 | $ 11,440.00 |
| Wulff, Katharina | Die Befreiung | 2003 | Colored pencil and pencil on paper | 8 x 11 | 11/3/03 | Inv 03-338 | $ 2,293.50 |
| Grodjahn, Mark | Butterfly (black, red, orange) | 2003 | Pastel on paper | 24 x 19 | 11/18/03 | Inv 3-356 | $ 1,980.00 |
| Grenfort, Tue | | | | | | |
| Polke, Sigmar | Untitled | 1983 | Acrylic and laquer on fabric | Diptyc 36 x 56" o | 11/21/03 | Inv 3-362 | $ 80,290.00 |
| Bell, Dirk | Untitled | 2003 | Mixed media on paper | 18 x 13 1/8 | 1/5/04 | Inv 4-14 | $ 1,108.80 |
| Alys, Francis | Untitled (man in suit) | 1993 | Oil on canvas | 6 x 7 3/4 | 1/5/04 | Inv 4-17 | $ 20,900.00 |
| Ackermann, Franz | Untitled (mental map, wild wild wir | 2003 | Mixed media on paper | 8 x 5 1/2 | 1/7/04 | Inv 4-31 | $ 5,115.00 |
| Althoff, Kai | Liebe | 2002 | Boat lacquer, paper on canvas, | 23.6 x 31.5 x 3.2 | 2/19/03 | Inv 1996 | $ 24,000 |
| Abano, Eduardo | Untitled | 2003 | Plastic straws and silicone | 15 x 19 x 19 | 6/27/03 | Inv 2126 | $ 4,100 |
| Krebber, Michael | Untitled | 2001 | Oil on canvas | 47.2 x 39.4 | 12/11/02 | Inv 1961 | $ 9,900 |
| Sela, Marcus | Mein Weg is dein Weg | 2002 | Acrylic on canvas | 82.7 x 59 | 12/11/02 | Inv 1961 | $ 5,610 |
| McCarthy, Paul | Dick Eye | 2002 | Red Silicone Rubber | 22 x 18 1/8 x 15 | 1/13/04 | Apr-37 | $ 66,000 |
| Olowska Paulina | Cry tubiez malarstwo abstakcyjne | 2000 | Oil on canvas | 27 * 22 cm | 10/29/03 | | $ 2,106 |
| Ostowa, Paulina | Untitled | 2002 | Gouache on paper | 26*21 cm | 10/29/03 | | 1,170 |
| Tokarski, Wawrzyniec | Preview wwII | 2001 | Aquarell auf Papier | 82 * 125 cm | 6/28/03 | | 2,441 |
| Tokarski, Wawrzyniec | | 2001 | | | | | 1,920 |
| Henecken, Uwe | Summer comes again | 2003 | Oil on canvas | 88 * 67 cm | 11/5/03 | | 3,192 |
| Meise, Michael | Bas Jan Adler Box | 2003 | Cardboard, colour copy, oil, edding | 36.5*29.5 cm | 11/3/03 | | 944 |
| Cardoso, Maria Fernanda | Dibulo de Mariposa | 2003 | Acrylic, Archival Butterflies, metal | 49 * 49.7 cm | 12/22/03 | | 11,200 |
| Matta, Roberto | Untitled | 1957 | Pastel and charcoal on paper | 54 * 68 cm | 4/3/03 | | 75,000 |
| Lam, Wilfredo | Untitled | | | | 2/15/03 | | 25,000 |
| Quintana, Carlos | | | | | | | 7,000 |
| Leiva, Nicolas | | | | | | | 5,000 |
| Grau, Enrique | | | | | | | 8,000 |
| Salcedo, Bernardo | | | | | | | 5,000 |
| Obregon, Alejandro | | | | | | | 12,000 |
| Obregon, Alejandro | | | | | | | 20,000 |
| Wiedemman, Guillermo | | | | | | | 22,000 |
| Caballero, Luis | | | | | | | 14,000 |
| Jaramillo, Lorenzo | | | | | | | 2,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Fuenmayor, Gonzalo | | | | | | | 1,000 |
| Van Der Heide, Sara | Untitled (Sean Penh and Susan Sar | 2002 | Chinese ink on paper | 11 3/4 x 15 2/3 | 4/1/03 | Inv3-125 | $ 770 |
| | | | | | | | $614,161.30 |

EXHIBIT B

Fine Art and Collectibles Insurance     011-44-20-7578-7102.     Page 1 of 4

# Fine Art and Collectibles Insurance

I. General Information
  A. Name: GUSTAVO HERNANDEZ
     Address:
     City/Town: MIAMI
     Country: United States
     State/County: Florida
     Zip/Postal Codes: 33127
  B. Date of Birth: 18 / 03 / 1973
  C. Number of Other locations to be included: 0
     Number/Name/Street    City/Town    State/County    Zip    Country
  D. Occupation: FUND MANAGER
  E. Marital Status: ( ) Married (•) Single ( ) Divorced
  F. Person to Contact (if different from Applicant): GUSTAVO HERNANDEZ

II. Insurance Period
    From which date would you wish Twelve Months Insurance to Attach? 13 / 02 / 2004

III. Building Construction and Security
  A. Please state the building type and construction of each location:
     E.g. House, Apartment, Office etc.
     Built of Brick, Wood Frame, Concrete etc.
     Location 1: MASONRY
  B. Are any of the properties used Professionally or Commercially? ( ) Yes (•) No
  C. Are all locations occupied? (•) Yes ( ) No
  D. What Protective Devices or Systems are in use?
     E.g. Central Station Alarm, Security Alarm, Fire Alarm, Safe etc.
     CENTRAL ALARM
  E. Has a Security Survey been carried out on all or any of the locations? (•) Yes ( ) No
     Number of documents to be uploaded: 3
     Please upload document(s) here:

IV. Coverage
  A. Coverage Limit Required per Location:
     Currency: United States Dollars
     Location 1: [redacted]
     Total Limit Required: $614,161.30
  B. Is any of the Collection to be exhibited? ( ) Yes (•) No
  C. Is any of the Collection to be kept permanently outside? ( ) Yes (•) No
     E.g. Statues, Garden Ornaments, Machinery etc.

V. Schedule of Property
  A. Please provide detailed description of each item that you wish to insure on an agreed value basis. Values should be supported by the attachment of copies of all available Appraisals, Bills of Sale or other evidence of true value.
     Number of items to be included: 44

**EXHIBIT B**

Fine Art and Collectibles Insurance Page 2 of 4

| # | Description | Purchase/Appraisal Date | | | Amount of Insurance |
|---|---|---|---|---|---|
| 1. | VON BONIN, COSINA | 01 | 01 | 2003 | 32,670.00 |
| 2. | KIESEWETTER, THOMAS | 01 | 01 | 2000 | 15,000 |
| 3. | PEYTON, ELIZABETH | 01 | 01 | 2002 | 5,670.00 |
| 4. | KIESEWETTER, THOMAS | 01 | 01 | 1999 | 7,920.00 |
| 5. | JENSON, SERGEI | 01 | 01 | 2003 | 7,700.00 |
| 6. | KIPPEBERGER, MARTIN | 01 | 01 | 1982 | 82,500.00 |
| 7. | MULLER, STEFAN | 01 | 01 | 2002 | 5,221.00 |
| 8. | CARPENTER, MERLIN | 01 | 01 | 2003 | 11,440.00 |
| 9. | WULFF, KATHARINA | 01 | 01 | 2003 | 2,293.50 |
| 10. | GROTJAHN, MARK | 01 | 01 | 2003 | 1,980.00 |
| 11. | POLKE, SIGMAR | 01 | 01 | 1983 | 80,290.00 |
| 12. | BELL, DIRK | 01 | 01 | 2003 | 1,108.00 |
| 13. | ALYS, FRANCIS | 01 | 01 | 1993 | 20,900.00 |
| 14. | ACKERMAN, FRANZ | 01 | 01 | 2003 | 5,115.00 |
| 15. | ALTHOFF, KAI | 01 | 01 | 2002 | 24,000.00 |
| 16. | ABAROA, EDUARDO | 01 | 01 | 2003 | 4,100.00 |
| 17. | KREBBER, MICHAEL | 01 | 01 | 2001 | 9,900.00 |
| 18. | SELQ, MARCUS | 01 | 01 | 2002 | 5,610.00 |
| 19. | McCARTHY, PAUL | 01 | 01 | 2002 | 66,000.00 |
| 20. | OLOWSKA, PAULINA | 01 | 01 | 2000 | 2,106.00 |
| 21. | OSKOWA, PAULINA | 01 | 01 | 2002 | 1,170.00 |
| 22. | TOKARSKI, WAWRZYNIEC | 01 | 01 | 2001 | 2,441.00 |
| 23. | TOKARSKI, WAWRZYNIEC | 01 | 01 | 2001 | 1,920.00 |
| 24. | HENEKKEN, UWE | 01 | 01 | 2003 | 3,192.00 |
| 25. | MEISE, MICHAEL | 01 | 01 | 2003 | 944.00 |
| 26. | CARDOSO, MARIA FERNANDA | 01 | 01 | 2003 | 11,200.00 |
| 27. | MATTA, ROBERTO | 01 | 01 | 1957 | 75,000.00 |
| 28. | LAM, WILFREDO | DD | MM | YYYY | 25,000.00 |
| 29. | QUINTANA, CARLOS | DD | MM | YYYY | 7,000.00 |
| 30. | LEIVA, NICOLAS | DD | MM | YYYY | 5,000.00 |
| 31. | GRAU, ENRIQUE | DD | MM | YYYY | 8,000.00 |
| 32. | SALCEDO, BERNARDO | DD | MM | YYYY | 5,000.00 |
| 33. | OBREGON, ALEJANDRO | DD | MM | YYYY | 12,000.00 |
| 34. | OBREGON, ALEJANDRO | DD | MM | YYYY | 20,000.00 |
| 35. | OBREGON, ALEJANDRO | DD | MM | YYYY | 22,000.00 |
| 36. | WEIDEMMAN, GUILLERMO | DD | MM | YYYY | 14,000.00 |
| 37. | CABALLERO, LUIS | DD | MM | YYYY | 2,000.00 |
| 38. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |
| 39. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |
| 40. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |
| 41. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |
| 42. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |

EXHIBIT B

Fine Art and Collectibles Insurance                                     Page 3 of 4

| | | | | | |
|---|---|---|---|---|---|
| 43. | FUENMAYOR, GONZALO | DD | MM | YYYY | 1,000.00 |
| 44. | VAN DER HELDE SARA | DD | MM | YYYY | 770.00 |

Number of documents to be uploaded: 44

Please upload document(s) here:

**EXHIBIT B**

Fine Art and Collectibles Insurance                                          Page 4 of 4

B. What further coverage limits are required for items not schedule above?
   1. Fine Arts:            614,161.30
   2. Jewellery:
   3. Silverware:
   4. Coins:
   5. Stamps:
   6. Books:
   7. Furs:
   8. Musical Instruments:
   9. Other

VI. History
A. Have any losses been suffered or claims been made    ☐ Yes ☑ No
   during the last three years?
B. Have you ever had previous insurance cancelled by a  ☐ Yes ☑ No
   previous insurer?
C. Applicants Statement:
   The Applicant warrants to the best of his or her knowledge and belief that the statements set forth herein are true and include all material information. The Applicant further warrants that if the information supplied on this application changes between the date of this application and the inception date of the policy, the Applicant will immediately notify underwriters of such change. Signing this application does not bind the Underwriters to offer nor the Applicant to accept insurance, but it is agreed that this application shall be the basis of the insurance and will be attached and made part of the policy should the policy be issued. ☑ I agree

Please supply any additional information to support this application:

Additionally, please attach any supporting documentation.
Number of documents to be uploaded:

Please upload document(s) here:

Submit

EXHIBIT B