**EXHIBIT G**

# UNITED STATES DISTRICT COURT
for the

_____ District of _____

|  |  |
|---|---|
| *Plaintiff*<br>v.<br><br>*Defendant*<br><br>*Third-Party Petitioner* | Case No. |

**SUBPOENA TO TESTIFY AT A DEPOSITION**

To: _____
*(Name of person to whom this subpoena is directed)*

❏ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this forfeiture proceeding. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters:

| Place: | Date and Time: |
|---|---|
|  |  |

The deposition will be recorded by this method: _____

❏ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

*CLERK OF COURT*

OR

_____   _____
*Signature of Clerk or Deputy Clerk*   *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* _____ , who issues or requests this subpoena, are:

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Case No.

# PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____
on *(date)* _____ .

❐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

❐ I returned the subpoena unexecuted because: _____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
  **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*

  **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
  **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
  **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

---

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

EXHIBIT G

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 18-CR-20685-WILLIAMS/TORRES

UNITED STATES OF AMERICA

v.

GUSTAVO ADOLFO HERNANDEZ FRIERI,

    **Defendant.**

_____/

IN RE:

**314 HICKS LLC,
ALLISON DOMENEGHETTI,
OLYMPIA DE CASTRO,
G.H.D.C.,
F.H.D.C., and
A.H.D.C.,**

    **Third-Party Petitioners.**

_____/

## NOTICE OF TAKING DEPOSITION

    TO:    Gustavo Adolfo Hernandez Frieri
            597 Hibiscus Lane, Miami, Florida 33137
            c/o Howard Srebnick, Esq., HSrebnick@RoyBlack.com

    PLEASE TAKE NOTICE that, pursuant to Federal Rule of Civil Procedure 30 and Local Rule 26.1, the United States of America will take the deposition of:

    Name:                Gustavo Adolfo Hernandez Frieri

    Date and Time:      Tuesday, July 20, 2021, at 10 a.m.

    Place:                 United States Attorney's Office
                          99 N.E. 4th Street, 7th Floor
                          Miami, Florida 33132 (also remote via web videoconference)

    Said deposition will be taken upon oral examination before a court reporter, a notary public, or any other officer duly authorized by law to take depositions. The deposition will continue from

**EXHIBIT G**

day to day until completed.  The deposition is being taken for the purpose of discovery, for use at trial, and for such other purposes as are permitted under the Federal Rules of Civil Procedure.

Dated: June 4, 2021

                                                  Respectfully submitted,

                                                  JUAN ANTONIO GONZALEZ
                                                  ACTING UNITED STATES ATTORNEY

By:    */s/ Nalina Sombuntham and Joshua Paster*
        Joshua Paster, Court ID No. A5502616
        Nalina Sombuntham, Fla. Bar No. 96139
        Assistant United States Attorneys
        99 N.E. 4th Street, 7th Floor
        Miami, Florida 33132-2111
        Telephone: (305) 961-9224 / (305) 961-9342
        Facsimile: (305) 536-4089
        joshua.paster@usdoj.gov
        nalina.sombuntham@usdoj.gov
        *Counsel for United States of America*

EXHIBIT G

# CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was served via e-mail on this 4th day of June, 2021, to counsel listed below.

By: /s/ *Nalina Sombuntham and Joshua Paster*
Joshua Paster
Nalina Sombuntham
Assistant United States Attorneys

Howard Srebnick
Jackie Perczek
Michele van Meeteren
BLACK, SREBNICK, KORNSPAN & STUMPF
201 South Biscayne Boulevard, Suite 1300
Miami, Florida 33131
Phone: (305) 371-6421
HSrebnick@RoyBlack.com
JPerczek@RoyBlack.com
MvanMeeteren@RoyBlack.com
*Counsel for Gustavo Adolfo Hernandez Frieri*

Michael S. Pasano
Carlton Fields
2 MiamiCentral
700 NW 1st Avenue, Ste. 1200
Miami, Florida 33136-4118
Direct: 305.530.4064
mpasano@carltonfields.com
*Counsel for Gustavo Adolfo Hernandez Frieri*

Samuel J. Rabin, Jr.
Sun Trust International Center
One Southeast Third Avenue
Suite 2600
Miami, FL 33131-1715
Telephone: (305) 358-1064
Facsimile: (305) 372-1644
sjr@miamilawyer.com
*Counsel for Petitioner
Allison Domeneghetti*

A. Margot Moss
MARKUS/MOSS PLLC
40 N.W. Third Street
Miami, Florida 33128
Telephone: (305) 379-6667
Facsimile: (305) 379-6668
mmoss@markuslaw.com
*Counsel for Petitioners
314 Hicks LLC, Olympia De Castro, and
G.H.D.C, F.H.D.C., and A.H.D.C.*

Richard C. Klugh, Esq.
40 N.W. 3rd Street, PH1
Miami, Florida 33128
Tel. (305) 536-1191
Fax (305) 536-2170
E-Mail klughlaw@gmail.com
*Counsel for Petitioners
Maria Lucia Hernandez, Gramercy
Irrevocable Operating Trust, Americas
Fiduciary Ltd., 3 Gramercy Park West LLC,
and HH Master Settlement Trust*

3